UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JIWANRAM BALAKRAM,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-6862-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER, ESQ.
485 Madison Avenue, Suite 501
New York, New York 10022

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Jiwanram Balakram seeks review of the Commissioner of Social Security's denial of his applications for disability benefits and supplemental security income. Both parties move for judgment on the pleadings. For the following reasons, Balakram's motion is granted, the Commissioner's motion is denied, and the case is remanded for the calculation and payment of benefits.

I

Plaintiff filed applications for benefits on August 10, 2015. His applications were denied, and he requested a hearing before an ALJ. After the hearing, the ALJ ruled that plaintiff was not disabled. The ALJ assigned an RFC of:

1

a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is limited to performing jobs involving simple, routine, repetitive type tasks requiring only occasional contact with supervisors, co-workers and the public.

AR 19.  The Appeals Council declined review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g).  "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Plaintiff argues that the ALJ improperly afforded no weight to the opinions of his treating psychiatrist—Dr. Emmanuel Barclay.

A treating physician's opinion as to the nature and severity of an impairment is given controlling weight unless it is "[in]consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  The Second Circuit recently provided additional guidance for treating physician opinions when dealing with mental impairments:

> [D]octors who have not treated or examined a patient are generally entitled to less deference. . . . The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.

*Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

Dr. Barclay opined that plaintiff's depression caused marked limitations in his ability to carry out simple work tasks—including understanding one step instructions and interacting with the public and supervisors. Dr. Barclay further opined that plaintiff would miss work more than three time per month as a result of his mental impairments. A Vocational Expert at plaintiff's hearing testified that an individual who was absent more than one or two times per month could not maintain a job.

However, the ALJ gave no weight to Dr. Barclay's opinions because they were "inconsistent with the treatment notes." AR 23. This contravenes the Second Circuit holding in *Flynn*—that mental illnesses "are not susceptible to clear records." 729 F. App'x at 122.

Regardless, Dr. Barclay's opinions are supported by substantial evidence. Plaintiff's internist Dr. Roman opined that plaintiff's primary impairment was his depression. And, treatment notes from both Dr. Roman and Dr. Barclay demonstrate that plaintiff consistently appeared depressed and anxious. These treatment notes document how plaintiff's depression caused him difficulty concentrating and maintaining adequate energy.

Because the record supports Dr. Barclay's opinion that plaintiff's mental impairments render him unable to maintain employment, it would serve "no purpose" to remand for further proceedings. *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980) (remand for benefits calculation is warranted when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose").

### III

For the foregoing reasons, Balakram's motion is GRANTED and Commissioner's motion is DENIED.   The matter is remanded solely for the calculation and payment of benefits.

**SO ORDERED.**

 /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 24, 2020

4